Alonzo JACOBS, Plaintiff–Appellant,

v.

S. STORNELLI; J. Howard; Glenn Goord; M. O'Neill; Jane Doe, #1; J. Henrich; J. Gutonshi; S.B. Bennett, Prov #204; D. Goodwin; N. Smithoner, Prov #207; Jane Doe, #2; Jane Doe, #3; John Doe, #1; John Doe, #4; K. Bellamy; T. Poole, Superintendent; T.G. Eagen; J. Strickland Smith; John Doe, #3, Defendants–Appellees.

No. 03–0203.

United States Court of Appeals, Second Circuit.

Oct. 29, 2004.

On submission (Alonzo Jacobs, Attica, NY), for Appellant, pro se.

PRESENT: JACOBS, SOTOMAYOR, and HALL, Circuit Judges.

### SUMMARY ORDER

Alonzo Jacobs, *pro se,* appeals from the June 11, 2003 order of the United States District Court for the Western District of New York (Larimer, *J.*), dismissing Jacobs's 42 U.S.C. § 1983 claim and from the denial of reconsideration. We assume that the parties are familiar with the facts, the procedural context, and specification of the appellate issues.

■ Jacobs alleges that the defendants denied him adequate medical care while Jacobs was a prisoner in their custody, in violation of the Eighth Amendment to the United States Constitution. To establish an Eighth Amendment violation for inadequate provision of medical treatment, a prisoner must prove "deliberate indifference" to the inmate's serious medical needs. *Hathaway v. Coughlin,* 37 F.3d 63, 66 (2d Cir.1994). Under this standard, "only the deliberate infliction of punishment, and not an ordinary lack of due care for prisoner interests or safety, lead[s] to liability." *Blyden v. Mancusi,* 186 F.3d 252, 262 (2d Cir.1999). Jacobs's fact allegations plead no more than negligence in the treatment of his shoulder injury (along with Jacobs's dissatisfaction with the specific course of treatment provided). As Jacobs fails to allege facts that support an inference of deliberate disregard for his pain, Jacobs has not alleged an Eighth Amendment violation.

■ Jacobs also claims that the defendants improperly handled grievances he filed in connection with the purportedly inadequate medical care. At best, Jacobs alleges certain instances of retaliation, actionable under 42 U.S.C. § 1983. However, Jacobs's allegations are "wholly conclusory" and, therefore, insufficient to support his Section 1983 claim. *Friedl v. City of New York,* 210 F.3d 79, 85–86 (2d Cir.2000) (retaliation claims "must be 'supported by specific and detailed factual allegations,' not stated 'in wholly conclusory terms'") (quoting *Flaherty v. Coughlin,* 713 F.2d 10, 13 (2d Cir.1983)).

■ Jacobs also contends that two New York assistant attorneys general representing the defendants in Jacobs's civil state court action violated Jacobs's constitutional rights. The district court properly dismissed these claims on the ground of absolute immunity. *See Barrett v. United States,* 798 F.2d 565, 572–73 (2d Cir.1986). Jacobs's request for an order directing the production of certain documents is (if anything) a matter for the state court. *See Washington v. County of Rockland,* 373 F.3d 310, 318 (2d Cir.2004) (principles of comity dictate that federal courts abstain from enjoining pending state court civil and administrative proceedings).

■ Because the arguments and allegations in Jacobs's motion for reconsideration mirror those in his original complaint, which the district court had already considered and dismissed, the district court did not abuse its discretion in denying that motion for reconsideration. *See Zerman v. Jacobs,* 751 F.2d 82, 85 (2d Cir.1984) (dismissing as frivolous an appeal from the denial of a Rule 60(b) motion, where the appellant "continue[d] to relitigate the same issue that the district court [previ-

482

ously] decided"). Finally, regardless of whether the district court should have construed Jacobs's motion as one pursuant to Federal Rule of Civil Procedure 59(e), rather than Rule 60(b), Jacobs has not demonstrated his entitlement to relief.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.